IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Milo Earl Tudor, Jr., #243378, ) | C. A. No. 2:06-0342-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Colie L. Rushton, Warden of ) McCormick Correctional ) Institution; and Attorney ) General of the State of South ) Carolina, ) | |
| Respondents. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 filed February 2, 2006, by a state prisoner proceeding with counsel is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on April 28, 2006. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Milo Earl Tudor, Jr., is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Newberry County. Petitioner was indicted in January of 1997 for kidnaping, assault and battery with intent to kill and possession of a weapon during the commission of, or attempt to commit a violent crime. Harry DePew, Esquire, represented Petitioner on the charges. A jury trial was held August 7, 1997, before the Honorable James W.

1

Johnson, Jr., at which the jury found Petitioner guilty as charged.  Judge Johnson sentenced him to thirty (30) years imprisonment, suspended to fifteen (15) years and five (5) years probation for kidnaping; twenty (20) years on the assault charge; and five (5) years on the weapons violation, sentences to run concurrently.  Petitioner filed a timely notice of intent to appeal represented by trial counsel DePew.  The South Carolina Court of Appeals issued an Order of Dismissal on May 5, 1998, for "failure of appellant to timely serve and file the Appellant's Initial Brief and Designation of Matter" pursuant to state court rules.  The South Carolina Court of Appeals issued the remittitur on May 21, 1998.

On May 3, 2000, Petitioner filed his first federal habeas petition, C/A 2:00-cv-01358-CWH, in which he alleged that counsel failed to file a direct appeal.  The undersigned United States Magistrate recommended that the petition be dismissed without service for failure to exhaust state remedies.  The Honorable C. Weston Houck, United States District Judge, accepted the recommendation and dismissed the action without prejudice on August 1, 2002.

On August 21, 2002, Petitioner proceeding pro se filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> (a)   Ineffective Assistance of Counsel;

2

>   (b) Denial of Direct Appeal.
>
>   [supporting facts]: Applicant's Attorney allowed
>   his appeal to be dismissed.

J. Wesley Locklair, III, Esquire, represented Petitioner in his PCR. On April 23, 2004, the state made an amended return and moved to dismiss the application as Petitioner failed to file within the PCR statute of limitations. A hearing on the state's motion was held May 14, 2004, before the Honorable James F. Lockemy. The petitioner presented no evidence on the statute of limitations issue and the state indicated that no trial transcript was available due to the passage of time. The PCR judge dismissed the action with prejudice by written order dated June 24, 2004, for failure to timely file both under the statute and as barred by latches.

Next, Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner in a petition for a writ of certiorari from the denial of PCR relief. Pachak filed a <u>Johnson</u> Petition for Writ of Certiorari in the Supreme Court of South Carolina on October 25, 2004, and raised the following issue:

>   Whether there was any evidence to support the PCR
>   judge's findings that petitioner's PCR application
>   was barred by the statute of limitations?

On November 8, 2004, Petitioner filed a response <u>pro se</u> and filed various unverified exhibits which he argued showed that trial counsel rebuffed his attempts to contact him to find out

how his appeal was progressing. On August 26, 2005, the Supreme Court of South Carolina denied the petition and on September 13, 2005, the court issued the remittitur.

The petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 on February 2, 2006, and raised a single ground for relief: Ineffective assistance of counsel at trial and in failing to perfect direct appeal. Petitioner filed an opposition to the state's motion for summary judgment on June 27, 2006. Therefore the respondents' motion is ready for consideration.

The record before the court in the instant matter contains the following documents:

1. Indictment and Sentencing Sheets;
2. May 5, 1998 Order of Dismissal issued by the South Carolina Court of Appeals;
3. May 21, 1998 Remittitur;
4. 2002 PCR Application;
5. Return (to 2002 PCR Application);
6. Amended Return (to 2002 PCR Application) and Motion to Dismiss;
7. May 14, 2004 PCR Motions Hearing Transcript;
8. June 24, 2004 Order of Dismissal with P prejudice;
9. 2004 <u>Johnson</u> Petition for Writ of Certiorari;
10. 2004 <u>Pro Se</u> Response;
11. August 26, 2005 Order (denying petition);
12. September 13, 2005 Remittitur.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

4

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see Habeas Corpus Rules 5-7. Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. <u>Celotex Corp. v. Catrett</u>,, 477 U.S. 317, 322 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. <u>Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. <u>See</u>, <u>Anderson</u>, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper).

### **HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the

underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d)(1)(2).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000).

## STATUTE OF LIMITATIONS

Respondents assert that this petition must be dismissed as barred by the statute of limitations. A review of the record and relevant case law reveals that the respondents are correct and that their motion for summary judgement should be granted.

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of-
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

6

for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner's conviction became final and the statute began to run when the South Carolina Court of Appeals sent the remittitur on May 21, 1998, after the direct appeal was not perfected. Therefore, Petitioner had until May 21, 1999, to file a habeas corpus petition in this court. He filed nothing in any court during the one year limitation period. The instant petition was filed over six years after his conviction became final and over five years after his time ran.

However, the petitioner blames his counsel for his failure to file a federal habeas corpus petition or to toll the running of the statute by filing an application for post conviction relief in state court. He contends that counsel never informed him that he had not perfected the appeal and that the appeal had been dismissed on that basis. Therefore he failed to timely act because he believed his direct appeal was still pending and that

he had to await its conclusion. Petitioner has submitted no evidence[1] to support his assertions. Nonetheless, it appears Petitioner asks the court to equitably toll the AEDPA's statute of limitations.

## EQUITABLE TOLLING STANDARD

The United States Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. Cf. Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). However, when faced with a case in which the respondent assumed that equitable tolling might apply and in which the terms of equitable tolling clearly were not met, the court sidestepped the question and addressed the merits of equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In that case, decided in April 2005, the Court held, "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See, e.g., Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)." Pace, 544 U.S. at 418, 125

---

[1] He filed various unverified exhibits, but no verified exhibits or affidavits from himself, appellate counsel, or any other person. Likewise he offered no evidence at his hearing on the state's statute of limitations defense in the state PCR action. He was represented by counsel at the PCR as he is in the petition at bar.

S.Ct. at 1814.

The Fourth Circuit Court of Appeals, while holding that the AEDPA statute of limitations is subject to equitable tolling, made it clear "that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In Harris, the petitioner contended that his attorney gave him erroneous advice regarding his deadline to file for habeas corpus relief and that his deadline should accordingly be tolled. The Court held that the attorney's mistake did not constitute an extraordinary circumstance that would justify equitable tolling. The court cited Taliani v. Chrans, 189 F.3d 597 at 598 (7th Cir. 1999) (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); Sandvik v. U.S., 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); Fisher v. Johnson, 174 F.3d 710, 714-15 (5th Cir. 1999) (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); Miller v. Marr, 141 F.3d 976 at 978 (10th cir. 1998)(same); Gilbert v.

9

Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); and Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

The Harris court reasoned that, "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris, at 330.

In sum, under our existing "extraordinary circumstances" test, Petitioner is entitled to equitable tolling only if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) which made it impossible for him to file on time. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris, 209 F.3d at 330).

## DISCUSSION

In support of his argument for equitable tolling, Petitioner argued that he believed his counsel was pursuing a direct appeal

10

when in fact, the attorney had abandoned the appeal. However, since he has filed no evidence whatsoever, and since no record was developed in the state courts concerning the facts and circumstances surrounding the allegation, this court has nothing to review. Petitioner has failed in his burden to establish his entitlement to equitable tolling of the limitations period.

For the sake of argument, if it is assumed Petitioner had proof, he still has failed in his burden to establish that his attorney's inaction was beyond his control or that it was impossible to file here timely, both of which are needed to allow equitable tolling. Petitioner does not claim that trial counsel told him he was perfecting or had perfected his appeal and that he reasonably relied on his lawyer's affirmative misrepresentation. Petitioner merely had trouble getting in touch with his lawyer. Further, it strains credulity to believe that Petitioner exercised all due diligence in getting the facts that his trial counsel was not pursuing a direct appeal, and in pursuing a <u>pro se</u> appeal, or seeking the aid of court appointed counsel. Here Petitioner does not even claim that he wrote to the Court of Appeals to check on the status of his appeal.[2]

---

[2] There is no evidence that Petitioner was incompetent to communicate with the court; indeed a check of this court's own records shows that he filed a <u>pro se</u> civil rights action on July 10, 1998, and amended it on November 6, 1998, well before the December 1999 date he claims is when he was told that he had no active appeal. See, C/A 2:98-1927-12-AJ.

11

Under long-established principles, petitioner's lack of diligence precludes equity's operation. See, <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 111 S.Ct. 453 (1990); <u>McQuiddy v. Ware</u>, 20 Wall. 14, 19, 22 L.Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights"). Equity should not be exercised to save an individual from his own failure to act or be based upon excuses which are little more than attempts to shift blame for the failure to act, rather than to explain an unfairness external to the individual's acts. Petitioner is not a candidate for equitable tolling of the AEDPA statute of limitations.

## CONCLUSION

Accordingly, for the aforementioned reasons, it appears that this petition is barred by the AEDPA statute of limitations and the respondents' motion for summary judgment should be granted.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 15, 2006