IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Milo Earl Tudor, Jr., | ) | Civil Action No. 2:06-0342-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Colie L. Rushton, Warden of | ) | |
| McCormick Correctional Institution, | ) | |
| and Attorney General of State of | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Milo Earl Tudor, proceeding through counsel, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on February 2, 2006.  Currently pending before the court is the Respondents' motion for summary judgment which was filed on April 28, 2006.  Petitioner's attorney filed a response to the Respondents' motion on June 26, 2006.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for a Report and Recommendation.  The Magistrate Judge filed a Report and Recommendation on September 15, 2006.  In the Report, the Magistrate Judge correctly notes that pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), there is a one-year statute of limitations which applies to the filing of petitions under 28 U.S.C. § 2254.  As such, he recommends that the Respondents' motion be granted and that this Petition be dismissed as not timely filed because it was filed well after the expiration of the one-year statute of limitations.

This Court entered an Order on October 6, 2006, adopting the recommendation of the Magistrate

1

Judge on the basis that no objections had been filed to the Report. Petitioner's counsel then contacted the Court and indicated that he was misled by the Clerk's notice on the docket as to the deadline for filing objections, and this Court issued an Order granting the Petitioner until October 12, 2006 to file objections. Because the time to file objections was extended, the Court did not enter judgment in the case. Petitioner filed objections to the Report and Recommendation on October 12, 2006. Since objections were filed, this Court's prior Order of October 6, 2006 is vacated and the Court will consider the objections herein.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## PROCEDURAL HISTORY

Petitioner was convicted of kidnapping, assault and battery with intent to kill, and possession of a weapon during a violent crime after a jury trial in Newberry County, South Carolina, on August 7, 1997. He was sentenced to thirty (30) years imprisonment, suspended to fifteen (15) years and five years probation for kidnapping; twenty (20) years for assault; and five (5) years for the weapons crime, the sentences to run concurrently. He was represented at trial by attorney, Harry Depew. Attorney Depew filed a timely Notice of Appeal. However, the appeal was dismissed for failure to timely file

and serve the Appellant's Initial Brief and Designation of Matter.[1]  The Remittitur was sent to the Clerk of the trial court and counsel of record on May 21, 1998.

On May 3, 2000, almost two years after his appeal was dismissed, Petitioner filed his first petition for Writ of Habeas Corpus.  United States District Judge C. Weston Houck dismissed the petition on August 1, 2002 on the basis of failure to exhaust state court remedies due to the fact that Petitioner had not yet brought a state post-conviction relief (PCR) action.[2]  Although Judge Houck was aware that more than a year had passed since the appeal had been dismissed and that S.C. Code Ann. § 17-27-45(1976), as amended, generally provided for a statute of limitations of one year for institution of a PCR, he cited in his order South Carolina case law which allows belated direct appeals where the state court finds that the defendant has not knowingly and voluntarily waived his right to a direct appeal. *See State v. Wilson*, 348 S.C. 215, 559 S.E.2d 581 (2002).[3]

Petitioner filed a *pro se* Application for Post-Conviction Relief in state court on August 21, 2002. Counsel was subsequently appointed to represent him.  The State moved to dismiss on the basis of S.C. Code § 17-27-45, the statute of limitations applicable to PCR actions, and a motion hearing was held.  At the hearing held on May 14, 2004, no witnesses were called by either side. The attorney for

---

[1] The record does not indicate the reason why the attorney did not perfect the appeal.  The State argued at the PCR hearing that the petitioner failed to pay the attorney's fee and that the petitioner may have decided at the time not to appeal. The record does contain a letter from September of 1998 from Mr. Depew to the petitioner about another legal matter that he was handling for him relating to prison conditions, so apparently all ties between counsel and client had not been severed, even after the appeal was dismissed.

[2] At the time the first habeas petition was filed, it was already late under the AEDPA statute of limitations applicable to habeas petitions. Nevertheless, Judge Houck gave the petitioner the opportunity to seek relief in state court.

[3] In *Wilson,* the petitioner claimed that he requested his attorney to file a direct appeal, but no appeal was filed. In the case at bar, the appeal was filed but never perfected.

the State made a legal argument based on the statute of limitations and laches and asserted in support

of dismissing the application that the trial transcript could not be obtained due to the length of time (6

years) that had passed since the trial. Counsel for the petitioner did not respond to the State's arguments

related to the lapse of time between the trial and the initiation of the PCR other than to assert that the

filing of the first habeas action allegedly showed that Petitioner attempted to protect his rights. In

addition, no evidence was presented regarding any attempts by the Petitioner to keep abreast of the

status of his appeal and no argument was made that the petitioner should be allowed a second direct

appeal.[4] Judge Lockemy signed an Order on June 24, 2004 dismissing the PCR action on the basis of

the statute of limitations and also on the basis of laches. In addition to making findings that the

application was barred by the statute of limitations, the Order states:

> Whether a claim is barred by laches is to be determined in light of the facts of each case,
> taking into consideration whether the delay has worked injury, prejudice, or
> disadvantage to the other party. . . **The applicant did not offer any explanation as to
> why he did not pursue this relief earlier. In addition, the Respondent is prejudiced
> due to the fact that a transcript of the Applicant's trial is no longer available.**[5]

Order, page 3. (Docket Entry # 7-8)(emphasis added).

Petitioner filed an unsworn *pro se* Response to Petition for Certiorari with the South Carolina

Supreme Court on November 4, 2004. He attached to the petition several letters and purported

telephone records of his sister, none of which had been presented to the PCR Judge or authenticated.

---

[4] "In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his application." *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308, 309(2000).

[5] In *Bray v. State*, 366 S.C. 137, 620 S.E.2d 743 (2005), the South Carolina Supreme Court held that the PCR Judge properly found the claim was barred by laches, where the tapes of the first PCR hearing had been destroyed due to passage of time. The court further noted that its scope of review in PCR cases requires it to affirm the decision by the PCR Judge if there is any evidence to support the decision.

The Office of Appellate Defense filed a *Johnson* Petition for Certiorari in the case, and the South Carolina Supreme Court denied certiorari on August 26, 2005.

The petitioner filed this action, his second habeas corpus petition, on February 2, 2006, nine years after his conviction.

### *OBJECTIONS*

As noted above, the Petitioner filed objections to the Magistrate Judge's Report and Recommendation. The Petitioner's objections to the Report do not dispute the Magistrate Judge's determination that the Petitioner's Petition was filed untimely under the statute of limitations. However, Petitioner's objections to the Report do dispute the Magistrate Judge's recommendation to this court that Respondents' motion should be granted and that this Petition should be dismissed because of the untimeliness. Petitioner's objections are essentially arguments for equitable tolling of the one-year statute of limitations. He contends that his appellate counsel did not inform him that his direct appeal had been dismissed and that, after Judge Houck dismissed his first habeas petition without prejudice on the basis of lack of exhaustion, his post-conviction relief attorney failed to request that he be allowed to file a second direct appeal, and that these facts warrant tolling of the one-year statute of limitations under AEDPA.

### *ANALYSIS*

The applicable time frame for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under this statute, the one-year limitations period is tolled during a "properly filed application for State post-conviction or other collateral review." *Id*., subsection (d)(2).  "The tolling provision of § 2244(d)(2) balances the interests served by the exhaustion requirement and the limitation period. . . Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants *first* to exhaust all state remedies and *then* to file their federal habeas petitions *as soon as possible*."  *Lawrence v. Florida*, 127 S.Ct. 1079, 1083 (2007), *citing Duncan v. Walker*, 533 U.S. 167, 179 (2001).  "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

This court first notes that the United States Supreme Court has never squarely addressed the question whether equitable tolling is applicable to the AEDPA statute of limitations.  *See Lawrence*, 127 S.Ct. at 1084.  In *Lawrence*, the Court stated that  "although we have not decided whether §

6

2244(d) allows for equitable tolling", the parties in the case agree that equitable tolling may be available in an appropriate case and that "to be entitled to equitable tolling, Lawrence must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Fourth Circuit has held that the AEDPA time limit is a statute of limitation, not a jurisdictional bar, and therefore "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir.2000). However, the Fourth Circuit cautioned that equitable tolling is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. Petitioner would only be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time."*Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondents) prevented Petitioner from filing a petition, or where extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330.

In the case at bar, no argument has been presented that the respondents in any way prevented the petitioner from filing a habeas petition. Therefore, in order to invoke equitable tolling, he would be required to show that extraordinary circumstances beyond his control made it impossible to file his habeas claim on time. Petitioner has failed to show such extraordinary circumstances. Courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C. 2004), *citing Harris*, 209 F.3d

at 330-332. "Likewise, mistake of counsel does not serve as a ground for equitable tolling. . . Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." *Burns*, *supra*. Therefore, Petitioner cannot rely on the alleged mistake of his counsel in failing to keep him informed as to the status of the direct appeal as an extraordinary circumstance which would toll his deadline for filing his habeas action.

    In addition, Petitioner has not provided the Court with any affidavit or other sworn testimony to support his position that he in fact did not know the appeal had been dismissed until August of 1999, as argued by his attorney in his objections. Additionally, even if the Court were to accept as true the averment in the objections and the response to the motion for summary judgment that the appellate attorney did not communicate with him, the petitioner still had the duty to attempt to learn on his own of the status of the appeal. His unsworn petition for certiorari attaches a letter to him and his sister from a law firm dated April 17, 1998 which was apparently retained by Petitioner to check on the status of the appeal. However, at the time the firm inquired of Mr. DePew as to the status, the appeal was still pending.[6] Based on the record before the Court, the petitioner never sent a letter to the South Carolina Court of Appeals to inquire as to the status of his appeal. As noted by the Magistrate Judge, there is also no indication that the petitioner was mentally unable to do so.

    "Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him." *Id*. Had the petitioner filed a PCR action earlier, instead of filing a habeas action, the state court

---

    [6] The letter states: "It was Mr. DePew's understanding that he was to proceed with the appeal and, absent instructions from you otherwise, he intends to continue accordingly. . . Mr. DePew has assured us that he is receptive to discussing the status of the appeal and his continued representation with either of you (Petitioner or his sister). . ." (Docket Entry #7-10).

8

might have been more likely to grant him relief, where only a year or two had passed after his conviction and the trial transcript would have still been available.[7]

Additionally, the federal habeas statute specifically provides in 28 U.S.C. § 2254(i) that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Therefore, the petitioner cannot receive relief based upon PCR counsel's alleged errors in presenting his case to the PCR court.

The court finds that Petitioner's argument that he did not know when his appeal was dismissed does not justify equitable tolling of his deadline to file a habeas petition. The court notes that in the Fourth Circuit "[e]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, as noted above, Petitioner does not assert that he has mental limitations that would prevent his checking with the appellate court periodically as to the status of his case. "As a general matter, the federal courts will apply equitable tolling because of petitioner's mental condition only in cases of profound mental incapacity." Id. at 513.

In summary, this court finds that the Petitioner's circumstances in the case at bar do not rise to the level of "extraordinary" circumstances. This court finds that its decision in this case is in keeping with the Fourth Circuit's directive that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions

---

[7] Petitioner was convicted in August of 1997 and did not file his first PCR until August of 2002.

9

of fair accommodation." *Harris*, 209 F.3d at 330. As noted by the Magistrate Judge, "unsupported speculation is not sufficient to defeat a summary judgment motion."*Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987).

After reviewing the Report, objections, pleadings, memoranda, and applicable law, the court finds, for the reasons stated above and by the Magistrate Judge, that the Petitioner's objections are without merit.   Therefore, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation  is **ADOPTED** and incorporated herein by reference and the Petitioner's objections are **OVERRULED**.  Accordingly, the Respondents' motion for summary judgment is **GRANTED**, and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

January 30, 2007
Florence, South Carolina

10